**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS,**
**EL PASO DIVISION**

| | | |
|---|---|---|
| ALFREDO SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-00322 |
| | § | |
| NCO FINANCIAL SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

ALFREDO SANCHEZ (Plaintiff), through his attorneys, KROHN & MOSS, LTD.,

alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*

## PARTIES

6.  Plaintiff is a natural person residing in El Paso, El Paso County, Texas.

7.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a national debt collection company and conducts business in Texas.

## FACTUAL ALLEGATIONS

10. Upon information and belief, Defendant is collecting from Plaintiff on a debt owed to Providence Memorial Hospital in the amount of approximately 807.50.

11. Since around December 2009, Defendant places collection calls from unknown numbers to Plaintiff's phone and his wife's cell phone five days per week.

12. Defendant informed Plaintiff that this matter "is already in legalities."

13. During one of Defendant's collection calls, Plaintiff told Defendant that he is disabled.

14.  Defendant informed Plaintiff that "if you knew you were going to be disabled you should have taken care of this a long time ago when you were ABLE."

15. Defendant threatened Plaintiff by stating that when Plaintiff returned to work, it would garnish his wages.

16. To date, Plaintiff's wages have not been garnished.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a.  Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural

consequence of which is to harass, oppress or abuse the Plaintiff in connection with the collection of a debt.

b.  Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c.  Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure when Defendant called from "unknown" telephone numbers.

d.  Defendant violated *§1692e* of the FDCPA by using false, misleading representation or means in connection with the collection of the debt.

e.  Defendant violated *§1692e(4)* of the FDCPA by implying that nonpayment of the debt would result in wage garnishment when it did not intend to do so.

f.  Defendant violated *§1692e(5)* of the FDCPA by threatening to take an action that cannot be taken or that is not intended to be taken.

g.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt when Defendant called from "unknown" telephone numbers.

WHEREFORE, Plaintiff, ALFREDO SANCHEZ, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

18. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
       [ ] Michael S. Agruss, Esq.
       Attorneys for Plaintiff
       Krohn & Moss, Ltd.
       10474 Santa Monica Blvd., Suite 401
       Los Angeles, CA  90025
       T: (323) 988-2400 ext. 235
       F: (866) 802-0021
       CA SBN 259567
       magruss@consumerlawcenter.com


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALFREDO SANCHEZ, demands a jury trial in this

case.

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF TEXAS

Plaintiff, ALFREDO SANCHEZ, states the following:

1.   I am the Plaintiff in this civil proceeding.
2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.   Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.   Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ALFREDO SANCHEZ, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_09-01-2020_
Date

_Alfredo Sanchez_
ALFREDO SANCHEZ